# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| EMILY POWELL,    ) | |
|     Plaintiff,    ) | |
| ) | |
| v.    ) | CAUSE NO.: 2:10-CV-220-PRC |
| ) | |
| REGENCY HOSPITAL OF NORTHWEST    ) | |
| INDIANA, LLC, and BEVERLY FOSTER, in her    ) | |
| individual capacity and official capacity as Chief    ) | |
| Executive Officer,    ) | |
|     Defendants.    ) | |

## OPINION AND ORDER

This matter is before the Court on a Plaintiff's Motion to Quash Non-Party Subpoena and for a Protective Order [DE 30], and Plaintiff's Motion for a Protective Order [DE 32], both filed by Plaintiff on January 27, 2011. In the instant Motions, Plaintiff moves to quash a January 12, 2011 subpoena issued by Defendants to Plaintiff's current employer for documents in her current personnel file, seeks a protective order preventing Defendants from contacting Plaintiff's current employer or otherwise interfering with her current employment, and requests attorney fees incurred in bringing the Motions. Defendant argues that the subpoena is appropriate because it narrowly targets information relevant to the case, and further argues that Plaintiff's motion should be denied for failure to comply with Local Rule 37.1. The Court will address each of these arguments in turn.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her Complaint in this case in Lake County, Indiana, Superior Court on March 23, 2010, alleging violations of the Family and Medical Leave Act of 1993 ("FMLA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Employee Retirement Income Security Act ("ERISA") § 510. Defendants Regency Hospital of Northwest Indiana, LLC, (the "Hospital") and Beverly Foster removed the case to this Court on June 1, 2010. On January 12, 2011, Defendants

served a subpoena on Plaintiff's current employer, St. James Manor & Villas, requesting "(1) all employment applications, resume(s), hiring documents, and any correspondence related to [Plaintiff's] hiring; (2) all performance reviews, evaluations, reprimands, warnings, and disciplinary documents; (3) all documents regarding any resignation or termination; and (4) documents reflecting her compensation (e.g., salary, commissions, and bonuses) and employee benefits." Plaintiff now moves to quash this subpoena and requests a protective order prohibiting Defendants from contacting St. James Manor & Villas or interfering with Plaintiff's employment.

### A. Plaintiff's Compliance with Rule 37 and Local Rule 37.1

As a preliminary matter, Defendants argue that Plaintiff has failed to comply with Federal Rule of Civil Procedure 37 and Local Rule 37.1 in that the Rule 37.1 Certifications to the Instant Motions describe letters sent to counsel for Defendants but fails to recite a verbal conference.

Pursuant to Local Rule 37.1, a motion to compel or motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party in an effort to resolve the matter without court action. The certification shall also state the date, time, and place of the conference or attempted conference and the names of all persons participating therein." N.D. Ind. L.R. 37.1(b). Furthermore, Local Rule 37.1(c) requires that the certification "be made in a separate document filed contemporaneously with the motion" and advises the parties that a court may deny any motion under Local Rule 37.1 "if the required certification is not filed." N.D. Ind. L.R. 37.1(c).

Plaintiff's Certifications reflect numerous letters and emails sent by counsel for Plaintiff, as well as at least two requests that counsel for Defendants contact her by phone if they did not accept the request to refrain from serving the subpoena. The correspondence indicates that Plaintiff made

2

several attempts to resolve the discovery concerns without court intervention, and provide that if the parties were unable to successfully address the Plaintiff's concerns, Plaintiff would seek the court's intervention. The Court finds that the communication described in the Rule 37.1 Certifications effectively comply with the purpose of Rule 37(a) and Local Rule 37.1 and will not deny the instant Motions on this grounds.

**B**. **Plaintiff's Motion to Quash**

Pursuant to Federal Rule of Civil Procedure 45(a)(1)(A)(iii), a party may serve a subpoena commanding a nonparty to produce designated documents. "[P]retrial discovery is a fishing expedition and one can't know what one has caught until one fishes. But [Rule 45(c)] allows the fish to object, and when they do so the fisherman" must justify his pursuit. *Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 931 (7th Cir. 2004). Rule 45(c)(3)(A) allows a court to quash a subpoena based on a timely motion where the subpoena requires the disclosure of privileged or other protected matter or subjects a person to undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv). As a general rule, a party lacks standing under Rule 45(c)(3) to challenge a subpoena issued to a nonparty unless the party claims a personal right or privilege with respect to the requested documents in the subpoena. *Mfr. Direct, LLC v. Directbuy, Inc.*, No. 2:05 cv 451, 2007 WL 496382, at *2 (N.D. Ind. Feb. 12, 2007); *see also Teed v. JT Packard & Associates, Inc.*, No. 10-MISC-23, 2010 WL 2925902, at *2 (E.D. Wis. July 20, 2010); *Barker v. Local 150, Intern. Union of Operating Engineers, AFL-CIO*, No. 08 C 50015, 2010 WL 934068, at *3 (N.D. Ill. March 11, 2010).

Plaintiff asserts that she has standing under Rule 45(c)(3) to challenge the subpoena because she has a privacy right in the documents sought. Defendants argue that she waived her privacy interests when she brought a Title VII claim, citing *Brady v. Central Indiana Regional Blood Center*,

3

*Inc.*, No. 1:99-MC-19, 1999 WL 33912610, at *1 (N.D. Ind. Oct 6, 1999), in support of their argument. In that case, however, the court did not hold that the plaintiff did not have standing to challenge the subpoena. *Id.* ("assum[ing] the Plaintiff has standing so as to reach the clearly dispositive issue"). In this case, Plaintiff "has a legitimate interest in protecting the confidentiality of much of the information contained in her employment records and also in maintaining her relationship with her current employer." *Woods v. Fresenius Med. Care Grp.,* No. 1-06-cv-1804, 2008 WL 151836, at *1 (S.D. Ind. Jan. 16, 2008). Therefore, she has standing to challenge the subpoena.

The scope of material obtainable pursuant to a Rule 45 subpoena is as broad as what is otherwise permitted under the federal discovery rules. *Teton Homes Europe v. Forks RV*, No. 1:10-CV-33, 2010 WL 3715566, *2 (N.D. Ind. Sept. 14, 2010). Pursuant to Federal Rule of Civil Procedure 26, the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Teton Homes*, 2010 WL 3715566, at * 2 (quoting *Chavez v. Daimler Chrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002)). Courts have recognized that an individual possesses an interest against disclosure of matters of personal concern. *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 554 (N.D. Ill 2008). In considering a party's privacy concerns, the Court must

4

consider whether Defendants have a compelling need for discovery and whether that need outweighs the privacy rights at issue. *Id.*

First, Defendants seek documents relating to Plaintiff's employment applications and performance at her current job. Defendants argue that they have reason to question Plaintiff's representations about her employment experience and, therefore, her credibility. Defendants point to documents that they have already recovered that they claim contain misrepresentations about Plaintiff's employment with the Hospital. Plaintiff argues that to the extent that there is evidence regarding Plaintiff's inconsistent statements, Defendants are already in possession of the documents with the supposed inconsistencies. Defendants also seek documents from Plaintiff's current personnel file, claiming they are relevant because they will enable Defendants to determine whether Plaintiff has made a habit of behaviors such as failing to follow directives.

Defendants rely primarily on *Richmond v. UPS Service Parts Logistics*, No. IP01-1412, 2002 WL 745588 (S.D. Ind. April 25, 2002), for their argument that they are entitled to documents from a current employer that might relate to Plaintiff's credibility. Their reliance is misplaced. Not only does the case they cite involve allegations that the plaintiff was untruthful about criminal history, but the discovery request was only granted as to previous employers. *Id.* at *4. Further, the court allowed the discovery for the purpose of establishing an after-acquired evidence defense. *Id.* However, Defendants have not asserted any such affirmative defense.

Instead, Defendants argue that "if Plaintiff admitted to a criminal conviction on her employment application with her subsequent employer, it *could* both provide an after acquired evidence defense and affect her credibility." Defs. Resp. Br. at 8 (emphasis added). However, Defendants do not claim that Plaintiff has any criminal history and have not asserted or provided any

5

grounds for asserting an after-acquired evidence defense or other affirmative defense regarding Plaintiff's failure to follow directives or failure to meet legitimate job expectations. Defendants' document request appears to be just the type of abuse of the discovery process that the Supreme Court warned about in *McKennon v. Nashville Banner Publ. Co.*, 513 U.S. 352, 362-363 (U.S. 1995) ("The concern that employers might as a routine matter undertake extensive discovery into an employee's background or performance on the job ... is not an insubstantial one."). To the extent that Defendants are seeking Plaintiff's current employment records on the basis of a potential unasserted after-acquired evidence defense or other unspecified and unasserted affirmative defense, the subpoena is not reasonably calculated to lead to the discovery of admissible evidence.

Defendants have failed to show that they have a compelling need to obtain this discovery from Plaintiff's current employer. In addition, information regarding Plaintiff's employment application is available by less intrusive means: through requesting the documents from Plaintiff herself. Like the court in *Graham v. Casey's General Stores*, 206 F.R.D. 251, 256 (S.D.Ind. 2002), this Court is concerned that this subpoena "could be a tool for harassment and result in difficulties for [Plaintiff] in her new job," while recognizing that "discovery of this information may go to [Plaintiff]'s credibility or motive." *Id.* Therefore, like the *Graham* court before it, this Court will reconsider this non-party document request if Plaintiff cannot produce or refuses to produce her employment application. *Id.*

Defendants also seek documentation of Plaintiff's current salary and independent confirmation that Plaintiff continues to be employed. Defendants do not give the Court any reason to believe Plaintiff may not be employed. Plaintiff asserts that she continues to be employed and has been diligent in mitigating her damages since her termination by Defendants. She does not

6

contest that Defendants are entitled to information regarding her wages and salary, but argues that there are other, less-intrusive ways of obtaining it. Plaintiff has provided information regarding her compensation and has agreed to supplement her previous responses by producing subsequent tax returns as they become available.

Defendants have provided no persuasive argument to show why the information Plaintiff has agreed to provide and to continue supplementing is inadequate. Plaintiff's tax documents should demonstrate the requested information both about Plaintiff's salary and her continued employment. Defendants have not shown a compelling need to obtain this discovery from Plaintiff's current employer.

Accordingly, Plaintiff's motion to quash is granted.

**B.  Motion for a Protective Order**

Plaintiff requests that the Court issue a protective order to preclude Defendants from having any further contact with Plaintiff's current employer without leave of Court.

Pursuant to Federal Rule of Civil Procedure 26(c), a litigant can, upon a showing of "good cause," obtain a protective order to protect it from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A district court has discretion in deciding when a protective order is appropriate and what degree of protection is required. *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003). The party seeking the protective order has the burden of showing that good cause exists for it, which requires that the "party must submit a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.* (quoting *Wilson v. Olathe Bank*, 184 F.R.D. 395, 397 (D. Kan. 1999) and *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981))(internal quotations, other citations omitted).
7

Plaintiff argues that Defendants' subpoena violates Plaintiff's privacy interests and is harassing. However, Plaintiff fails to submit a specific demonstration of fact that the alleged harassment extends beyond the issuance of a subpoena. Because the subpoena is quashed, the Court finds that Plaintiff has not met her burden of showing that good cause exists for a protective order. If Defendants continue to contact Plaintiff's current employer, exposing Plaintiff to embarrassment or annoyance, the Court will consider a renewed and well-supported motion for protective order.

## CONCLUSION

Accordingly, the Court hereby **GRANTS in part and DENIES in part** the Plaintiff's Motion to Quash Non-Party Subpoena and for a Protective Order [DE 30] and **DENIES** the Plaintiff's Motion for a Protective Order [DE 32]. The Court **ORDERS** that the January 12, 2011 subpoena of St. James Manor & Villas is hereby **QUASHED**. The Court **DENIES** the requests for a protective order and for attorneys fees.

SO ORDERED this 28th day of March, 2011.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record